UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIHRAN BEDERIAN,<br><br>    Petitioner,<br><br>    v.<br><br>CRAIG APKER, Administrator,<br><br>    Respondent. | No. 1:16-cv-01423-LJO-SKO  HC<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS HABEAS PETITION FOR LACK OF JURISDICTION**<br><br>**(Doc. 13)** |

Petitioner Mihran Bederian is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As grounds for habeas relief, Petitioner alleges that denying Petitioner participation in an early release of drug rehabilitation program because he is subject to an ICE detainer violates his rights to due process and equal protection. Respondent moves to dismiss the petition for lack of jurisdiction. Having reviewed the parties' briefs and applicable law, the undersigned recommends that the Court dismiss the petition for lack of jurisdiction.

I. **Factual and Procedural Background**

Petitioner, a native and citizen of Armenia, was admitted to the United States as a refugee in November 1987. In 2015, Petitioner was convicted of a felony, conspiracy to launder funds, in violation of 18 U.S.C. § 371, and sentenced to 36-months' imprisonment. He is presently

1

confined at Taft Correctional Institution (TCI) in Taft, California, with a projected release date of November 14, 2017.

Pursuant to 8 U.S.C. § 1226(c), Petitioner's felony conviction makes him removable and subject to mandatory custody. He is presently subject to a detainer letter issued by Immigration and Customs Enforcement (ICE) on May 10, 2016. On the date of his release from federal custody for his 2015 conviction, Petitioner will be transferred to ICE's custody and provided with a charging document setting forth the immigration allegations and charges against him.

On September 26, 2016, Petitioner filed a habeas petition in this Court.

## II. Discussion

### A. Petitioner May Not Challenge an ICE Detainer in a Federal Habeas Action

"Habeas corpus proceedings are available only for claims that a person 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Dickerson v. United States*, 530 U.S. 428, 439 n. 3 (2000) (quoting 28 U.S.C. § 2254). The custody requirement is jurisdictional. *Wilson v. Betteque*, 554 F.3d 816, 821 (9th Cir. 2009)

An immigration detainer is a request to a law enforcement agency or prison to notify the Department of Homeland Security before it releases an alien at the completion of his sentence. 8 C.F.R. § 287.7; *McLean v. Crabtree*, 173 F.3d 1176, 1185 n. 12 (9th Cir. 1999). "[T]he bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available." *Garcia v. Taylor*, 40 F.3d 299, 303 (9th Cir. 1994), superseded by statute on other grounds as stated in *Campos v. Immigration and Naturalization Serv.*, 62 F.3d 311, 314 (9th Cir. 1995). *See also Zolicoffer v. United States Dep't of Justice*, 315 F.3d 538, 540 (5th Cir. 2003) (listing existing case law from other circuits and agreeing that absent an order of removal, "prisoners are not 'in custody' for purposes of 28 U.S.C. § 2241 simply because the INS has lodged a detainer against them"). Simply put, a detainer is nothing more than a notice that a

2

removal decision will be made in the future. *Campos*, 62 F.3d at 313-24. Because Petitioner is not in DHS custody and is not challenging the conviction for which he is currently incarcerated, the Court lacks jurisdiction to hear a habeas claim challenging the ICE detainer.

### B. Denial of Participation in Early Release Programs Does Not Violate Petitioner's Due Process and Equal Protection Rights

Petitioner does not contest the proposition that a federal district court lacks jurisdiction over an ICE detainer. Instead, as his second ground for habeas relief, he contends that his due process and equal protection rights are violated because the existence of the ICE detainer renders Petitioner ineligible for substance abuse treatment ("RDAP")[1] and early release programs. This claim lacks merit under existing law.

"[I]nmates do not have a protected interest in either RDAP participation or in the associated early release benefit." *Reeb*, 636 F.3d at 1229 n. 4. *See also Moody v. Daggett*, 429 U.S. 78, 88 (1976) ( holding that a parole violation detainer did not deprive the prisoner of a federally protected liberty interest); *Jacks v. Crabtree*, 114 F.3d 983, 986 n. 4 (9th Cir. 1997) (18 U.S.C. § 3621(e)(2)(B) does not create a protected liberty interest in a one-year sentence reduction). Congress has given the Bureau of Prisons "full discretion to control . . . prisoner classification and eligibility for rehabilitative programs in the federal system." *Moody*, 429 U.S. at 88 n. 9. This means that Petitioner's due process claim cannot prevail.

Nor can Petitioner maintain a successful equal protection claim. To prove an equal protection violation, an inmate must prove that he is being treated differently than similarly situated people. *McLean*, 172 F.3d at 1185. The Ninth Circuit has held that the Bureau of Prisons may deny the participation of prisoners with ICE detainers in drug rehabilitation

---

[1] "RDAP is an intensive drug treatment program for federal inmates with documented substance abuse problems . . . . Treatment is conducted in a unit set apart from the general prison population and is followed by institutional and/or community-based transitional programs. Successful completion of RDAP can result in up to a one year reduction in a prisoner's sentence." *Reeb v. Thomas*, 636 F.3d 1224, 1225 (9th Cir. 2011) (internal citations and footnote omitted).

3

programs and halfway houses. *Id.* at 1185-86. *See also Gallegos-Hernandez v. United States*, 688 F.3d 190, 195-96 (5th Cir. 2012) (rejecting equal protection challenge to BOP's exclusion of prisoners with ICE detainers from drug rehabilitation and halfway houses); *Peck v. Thomas*, 697 F.3d 767, 772-74 (9th Cir. 2012) (categorical exclusion of inmates with firearms possession convictions from RDAP sentence reductions was a valid exercise of discretion by the Bureau of Prisons).

### C. The Petition Provides No Basis for Finding Racial Discrimination

The petition repeatedly attempts to attribute Petitioner's exclusion from drug rehabilitation and early release programs to racial discrimination. The record presents no facts supporting the allegations of racial discrimination, but establishes that Petitioner was denied entry to the drug rehabilitation and early release programs as a result of the ICE detainer.

### D. Summary

The Court should dismiss the habeas petition for lack of jurisdiction.

## III. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

4

      (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

      (B)  the final order in a proceeding under section 2255.

  (2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

  (3)  The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that it lacks jurisdiction over the petition in this case to be debatable or wrong, or conclude that the issues presented required further adjudication. Accordingly, the Court declines to issue a certificate of appealability.

### IV.     Conclusion and Recommendation

The undersigned recommends that the Court dismiss the petition for writ of habeas corpus with prejudice for lack of jurisdiction and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 3, 2017**                                      /s/ *Sheila K. Oberto*
                                                                         UNITED STATES MAGISTRATE JUDGE